WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isagenix International LLC; Isagenix Worldwide, Inc.; Sharron Walsh; Simon Davies; and Jim Dunlap,<br><br>                Petitioners,<br><br>v.<br><br>Noah Hodgin,<br><br>                Respondent. | No. CV-25-01587-PHX-DGC<br><br>**ORDER** |

      Isagenix is a network marketing company that develops and sells systems and products for weight management, long-term wellness, and skincare. Its products are promoted and sold by a network of tens of thousands of independent contractors, called associates.

      Respondent Noah Hodgin became an associate of Isagenix and worked from his home in Costa Mesa, California. Mr. Hodgin filed a complaint against Isagenix and some of its officers and employees in the Superior Court of California on February 14, 2025. The Isagenix parties removed the action to the United States District Court for the Central District of California, captioned as *Noah Hodgin v. Isagenix International LLC, et al.*, No. 8:25-cv-00616-SRM-DFM (C.D. Cal.) (the "California Action").

      Mr. Hodgin alleges in the California Action that he is an employee of Isagenix, not an independent contractor, and he sues on behalf of himself and a class of Isagenix personnel to recover unpaid wages, overtime compensation, injunctive relief, other

equitable remedies, and attorneys' fees and costs under the California Labor Code and IWC Wage Order 4 (8 Cal. Code Regs. § 11040). Doc. 13-2 ¶¶ 133-83. He also seeks public injunctive relief under California's Unfair Competition Law (Cal Bus. & Prof. Code § 17200 et seq.). *Id.* ¶¶ 184-94.

Before their responsive pleadings were due in the California Action, the Isagenix parties informed Mr. Hodgin that they intended to file a petition in Arizona to compel arbitration. The Isagenix parties then filed this action, seeking to compel arbitration of Mr. Hodgin's claims in Arizona and contending that all Isagenix associates are bound by the arbitration clause contained within Isagenix's Policies and Procedures.

Mr. Hodgin responded in this Court by filing a motion to stay the petition to compel arbitration, arguing that all arbitration issues should be resolved in the California Action. Doc. 13. The parties stipulated that the California Action would be stayed until this Court ruled on the issues before it. *Id.* at 11. District Judge Serena R. Murillo granted the stipulation and stayed the California Action for now. Doc. 13-3 at 6.

The parties have fully briefed Mr. Hodgin's motion to stay and the Court heard oral argument by telephone on July 8, 2025. Docs. 13, 17-19. For reasons set forth below, the Court will deny the motion to stay and set a briefing schedule for the petition to compel arbitration.

**I.    First-to-File Rule.**

Mr. Hodgin contends that this case should be stayed under the first-to-file rule. That rule is a "doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). The doctrine "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Id.* at 95. Indeed, the "most basic aspect" of the first-to-file rule is that it is discretionary. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). In light of the

considerations discussed below, the Court concludes that sound judicial administration is best served by resolving the arbitration questions in Arizona.

## II.  The Arbitration Clause.

For purposes of this motion, Mr. Hodgin does not dispute that his contract with Isagenix includes an arbitration clause, the relevant portions of which read as follows:

> ANY CONTROVERSY OR CLAIM ARISING OUT OF, OR RELATING TO, THESE POLICIES AND PROCEDURES, THE COMPENSATION PLAN, OR THE GUIDANCE DOCUMENTS, OR THE BREACH THEREOF, SHALL BE SETTLED BY CONFIDENTIAL ARBITRATION ADMINISTERED BY THE AMERICAN ARBITRATION ASSOCIATION UNDER ITS COMMERCIAL ARBITRATION RULES, AND JUDGMENT ON THE AWARD RENDERED BY THE ARBITRATOR MAY BE ENTERED IN ANY COURT HAVING JURISDICTION THEREOF. IF YOU FILE A CLAIM OR COUNTERCLAIM AGAINST ISAGENIX OR ITS OWNERS, DIRECTORS, OFFICERS OR EMPLOYEES, YOU MAY ONLY DO SO ON AN INDIVIDUAL BASIS AND NOT WITH ANY OTHER INDIVIDUAL OR AS PART OF A CLASS ACTION. YOU WAIVE ALL RIGHTS TO TRIAL BY JURY OR TO ANY COURT.
>
> * * *
>
> All arbitration proceedings shall be held in Maricopa County, State of Arizona, unless the laws of the jurisdiction where you reside expressly require the application of its laws, in which case the arbitration shall be held in the capital of that jurisdiction. [The "Arbitration Forum Provision."]
>
> * * *
>
> In the event that a dispute or claim arising out of, or relating to this Agreement, is not subject to arbitration as set forth above, the laws of the state of Arizona shall govern, and the parties agree that proper jurisdiction and venue shall be in the state and federal courts of Arizona.  [The "Court Forum Provision."]
>
> * * *
>
> If the laws of your place of residence imposes any requirement that is different from or in addition to those set forth in these policies, then these Policies shall be deemed amended in conformance with those laws as to that jurisdiction only.

Doc. 13-2 at 78-79 (capitalization in original).

**III.   Respondent's Arizona Law Argument.**

Mr. Hodgin argues that Arizona law required the Isagenix parties to file their petition to compel arbitration in the California Action. Doc. 13 at 18. He contends that the arbitration clause quoted above chooses Arizona law to govern arbitration procedures, and that A.R.S. § 12-3007 requires the arbitration issue to be presented to the California federal court. *Id.* The Court finds this argument unpersuasive.

First, the arbitration clause does not choose Arizona law to govern arbitration procedures. The only choice of Arizona law found in the clause is contained in the Court Forum Provision quoted above, which applies only if arbitration is *not* required. There is no language in the clause that points to Arizona law as the source of arbitration procedures.

Second, the Arizona statute cited by Mr. Hodgin clearly does not require that the arbitration petition be filed in California. It applies only to courts in Arizona. *See* A.R.S. §§ 12-3001(B)(1), 12-3027. The statute provides that an arbitration petition filed in Arizona state court must be filed in the same county superior court where any action related to the arbitration is currently pending. The statute does not have any interstate effect.

The controlling law is found in the Federal Arbitration Act ("FAA"), which applies to the arbitration clause because the clause is contained in a contract that affects interstate commerce. *See* 9 U.S.C. § 2. The FAA provides that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action[,] . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. The petition to compel arbitration was properly filed in this Court because the Court would have jurisdiction over the disputes between the parties.

**IV.   Sound Judicial Administration Calls for this Court to Rule on Arbitration.**

The Court concludes that principles of sound judicial administration strongly suggest the arbitration petition should be resolved in an Arizona federal court.

First, "[t]he FAA embodies a clear federal policy in favor of arbitration." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999). It "mandates that district courts direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed[,]" and "[s]uch agreements are to be rigorously enforced." *Id.* The Supreme Court has "said on numerous occasions that the central or 'primary' purpose of the FAA is to ensure that 'private agreements to arbitrate are enforced according to their terms.'" *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 682 (2010) (quoting *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ.*, 489 U.S. 468, 479 (1989)). Indeed, § 4 of the FAA expressly confers on parties the right to obtain arbitration on the terms provided in their agreement. 9 U.S.C. § 4 (permitting aggrieved parties to petition the court "for an order directing that such arbitration proceed *in the manner provided for in such agreement*" and directing that, upon proper motion, "the court shall make an order directing the parties to proceed to arbitration *in accordance with the terms of the agreement*") (emphasis added). "[P]assage of the [FAA] was motivated, first and foremost, by a congressional desire to enforce agreements into which parties had entered[.]" *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 220 (1985).

Second, at this preliminary stage of the case, the parties' arbitration clause presumptively chooses Arizona as the location for the arbitration. As quoted above, the Arbitration Forum Provision states that "[a]ll arbitration proceedings shall be held in Maricopa County, State of Arizona, unless the laws of the jurisdiction where you reside expressly require the application of its laws, in which case the arbitration shall be held in the capital of that jurisdiction." Doc. 13-2 at 78. While this provision permits Mr. Hodgin to show that California requires the application of its law in this case, Mr. Hodgin has not yet made that showing. Thus, at this stage of the litigation, the presumptive arbitration location is Arizona.

Third, at this early stage it also appears that questions of arbitrability and other "gateway" issues have been delegated to the arbitrator. The arbitration clause specifically provides that the arbitration will occur under the American Arbitration Association

("AAA") Commercial Arbitration Rules. *Id.* The Ninth Circuit has held that an arbitration clause's adoption of the AAA rules "constitutes 'clear and unmistakable' evidence that contracting parties agreed to arbitrate arbitrability." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). The AAA rules delegate all jurisdictional questions, including arbitrability, to the arbitrator. *Id.* at 1131. Thus, by incorporating the AAA rules into their agreement, it appears the parties have clearly and unmistakably delegated the question of arbitrability to the arbitrator. *See id.* at 1130-31; *Zenelaj v. Handybook Inc.*, 82 F. Supp. 3d 968, 974 (N.D. Cal. 2015) ("The Court finds that the Parties in this case clearly and unmistakably delegated the question of arbitrability to the arbitrator when they expressly incorporated the AAA Rules into their Agreement. As a result, any questions regarding the arbitration provision's validity, scope, or application to this dispute must be decided by the arbitrator.").

Mr. Hodgin has made clear that he intends to argue that the delegation provision is unconscionable and unenforceable. He certainly is entitled to make that argument. *See Lim v. TForce Logistics, LLC*, 8 F.4th 992, 999 (9th Cir. 2021). But at this point, when the argument has not yet been made, it appears that the parties' agreement to use the AAA rules constitutes a delegation to the arbitrator of all issues relating to arbitrability. If this proves correct, then the validity of the arbitration provision, its scope, and the proper venue for arbitration will all be matters raised in the first instance before the arbitrator, presumptively in Arizona.

Fourth, Ninth Circuit law holds that arbitration may be compelled in a particular location only by the federal district court that has jurisdiction over that location. *Cont'l Grain Co. v. Dant & Russell, Inc.*, 118 F.2d 967 (9th Cir. 1941); *Textile Unlimited, Inc. v. A..BMH & Co.*, 240 F.3d 781, 785 (9th Cir. 2001). This holding comports with the language of the FAA, which states that arbitration proceedings shall be held "within the district in which the petition for an order directing such arbitration is filed." 9 U.S.C. § 4; *see Textile Unlimited*, 240 F.3d at 785 (explaining that "by its terms, section 4 . . . confines the arbitration to the district in which the petition to compel is filed"); *Seaman v. Priv.*

*Placement Cap. Notes II, LLC*, No. 16-CV-00578-BAS-DHB, 2017 WL 1166336, at *6 (S.D. Cal. Mar. 29, 2017) (collecting cases and holding that the FAA prevents it from ordering arbitration outside its district). Thus, the only federal court that can order the arbitration to occur in Arizona is this Court.

In summary, the FAA requires federal courts to enforce the terms of arbitration agreements, and it appears from the agreement in this case that the presumptive location for the arbitration is Arizona and that the various issues Mr. Hodgin wishes to raise must be addressed in the first instance by the arbitrator. This is the only court that can order the arbitration to occur in Arizona, and the Court therefore concludes that the arbitration issues should be resolved here. Principles of sound judicial administration support this conclusion – if an Arizona arbitration ultimately is required in this case, having that issue decided in the first instance in California could result in duplicative, or possibly even inconsistent, court rulings. In its discretion, the Court therefore elects not to apply the first-to-file rule, but instead to exercise the jurisdiction properly invoked by the Isagenix parties. *See Pacesetter Sys., Inc.*, 678 F.2d at 95.

The Court hastens to note that it has not decided whether arbitration is appropriate or where it should occur. Nor do the preliminary determinations made in this order control subsequent determinations to be made after the parties have fully addressed the arbitration petition.

**IT IS ORDERED:**

1. Respondent Noah Hodgin's motion to stay (Doc. 13) is **denied**.

2. Within ten days of this order, the parties shall submit an agreed-upon schedule for addressing the petition to compel arbitration (Doc. 1).

Dated this 14th day of July, 2025.

*David G. Campbell*
_____
David G. Campbell
Senior United States District Judge